**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| IN RE BIGBEAR.AI HOLDINGS, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No.: 1:25-cv-00710-PTG-WEF <br><br> (Consolidated) |
| This Document Relates to: <br><br> ALL ACTIONS | |

## DEFENDANTS' UNOPPOSED MOTION TO STAY THE CONSOLIDATED DERIVATIVE ACTION PENDING RESOLUTION OF THE RELATED SECURITIES CLASS ACTION

Defendants Kevin McAleenan, Peter Cannito, Sean Battle, Pamela Braden, Paul Fulchino, Jeffrey Hart, Dorothy D. Hayes, Kirk Konert, Amanda Long, Louis R. Brothers, Raluca Dinu, Raanani I. Horowitz, Avi Katz, Julie A. Peffer, and Joshua Kinley (collectively, the "Individual Defendants"), and Nominal Defendant BigBear.ai Holdings, Inc. ("BigBear" or the "Company" and together with the Individual Defendants, "Defendants"), by and through the undersigned counsel, respectfully move the Court for an order staying the above-captioned consolidated derivative action (the "Consolidated Derivative Action") pending resolution of the related securities class action captioned *Priewe v. BigBear.ai Holdings, Inc.,* 1:25-cv-00623 the ("Related Securities Class Action") (the "Motion"). Plaintiffs Jeffrey Justice and Trinity Lauga ("Plaintiffs") do not oppose the Motion.

In support of the Motion, Defendants state as follows:

On April 24, 2025, Plaintiff Jeffrey Justice filed a verified shareholder derivative complaint in *Justice v. McAleenan*, No. 1:25-cv-710-PPTG-WEF (the "*Justice* Derivative Action"). On July 8, 2025, Plaintiff Trinity Lauga filed a related verified shareholder derivative complaint in *Lauga*

1

*v. McAleenan*, No. 1:25-cv-01128 (the "*Lauga* Derivative Action"). Both Plaintiffs putatively filed their respective lawsuits derivatively on behalf of Nominal Defendant BigBear asserting claims against certain of BigBear's current and former directors and officers for breach of fiduciary duty, unjust enrichment, and waste of corporate assets.

There is substantial overlap between the facts and circumstances relevant to the Consolidated Derivative Action and the Related Securities Class Action: Both cases allege common misstatements and name numerous common defendants (including Louis R. Brothers, Amanda Long, Kevin McAleenan, Joshua Kinley, and Julie A. Peffer (the "Overlapping Defendants")). Defendants assert that the Consolidated Derivative Action and the Related Securities Class Action are also both subject to the special procedures set forth in the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(b)(3)(B) (the PLSRA applies "[i]n any action arising under" the Exchange Act). Among others, these procedures include the provision that discovery is automatically stayed pending the resolution of any motion to dismiss. *See* 15 U.S.C. §§ 78u-4(b)(3)(B).

Although they are related, the Related Securities Class Action and Consolidated Derivative Action cannot be consolidated into one action, as such consolidation would result in the securities-issuing company—here, BigBear—as a defendant in the Related Securities Class Action at the same time a shareholder purports to assert claims on BigBear's behalf as plaintiff in the Consolidated Derivative Action. *See Galbraith on behalf of Force Prot., Inc. v. Kavanaugh*, No. 2:08-1904-CWH, 2009 WL 10678832, at *3 (D.S.C. Mar. 31, 2009) ("The vast majority of courts that have addressed the issue of whether a shareholder derivative action can be consolidated into a single action with a securities fraud class action involving the same company and the same set of operative facts have held that such consolidation is improper."). Additionally, were the matters

2

to proceed in tandem, there would be a risk of inconsistent rulings based on different arguments, deviating case schedules, and divergent discovery protections. *See New Star Realty & Inv. Corp. v. New Star Enters., Inc.*, No. 1:17-CV-1292, 2017 WL 11571464 (E.D. Va. Dec. 13, 2017) (observing that "a stay is particularly appropriate where the outcome of a pending case might substantially affect the issue in a case pending before a district court").

Accordingly, in the interest of judicial economy and to avoid the problems that may arise in parallel related securities class actions and derivative actions, courts in this district and elsewhere regularly stay derivative actions until after the related securities class action is resolved. *See, e.g.*, *Inloes v. Williams*, No. 1:13-CV-550 AJT/JFA, 2014 WL 819135, at *2 (E.D. Va. Feb. 28, 2014) (granting a motion to stay pending resolution of the securities class action); *In re Spire Global, Inc. S'holder Deriv. Litig.*, No. 1:24-cv-01596-MSN-WBP (E.D. Va.) (Dkt. No. 9) (same); *Hollin v. Herzog*, No. 1:24-cv-01521-AJT-WEF (E.D. Va.) (Dkt. No. 11); *see also In re STEC, Inc. Derivative Litig.*, No. CV 10-00667-JVS MLGX, 2012 WL 8978155 (C.D. Cal. Jan. 11, 2012) ("Courts generally stay a shareholder derivative suit until the culmination of a securities class action when the cases arise from the same factual allegations and the evidence in the former could jeopardize the company's defense in the latter."). Finally, in addition to avoiding the potential for inconsistent rulings, a stay of the Consolidated Derivative Action pending the resolution of the Related Securities Class Action may inform the adjudication and resolution of the Consolidated Derivative Action.

## CONCLUSION

For the foregoing reasons, Defendants believe that a stay of the Consolidated Derivative Action pending resolution of the Related Securities Class Action is appropriate, and Plaintiffs do not oppose such relief.

# WAIVER OF ORAL ARGUMENT

The parties waive oral argument on this motion to stay the Consolidated Derivative Action, including any response to the complaint, pending resolution of the Related Securities Class Action.

Date: July 31, 2025

<u>/s/ Laura Bladow</u>
Laura E. Bladow (VSB 93395)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: laura.bladow@lw.com


***Counsel for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all registered users.

*/s/ Laura Bladow*
Laura Bladow