**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| IN RE BIGBEAR.AI HOLDINGS, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Lead Case No. 1:25-cv-710 (PTG/WEF)<br><br>(Consolidated) |

## ORDER

This matter is before the Court on Defendants' Unopposed Motion to Stay the Consolidated Derivative Action Pending Resolution of the Related Securities Class Action ("Motion"). Dkt. 8. On April 24, 2025, Plaintiff Jeffrey Justice filed the instant shareholder derivative complaint for the benefit of Nominal Defendant BigBear.ai Holdings ("BigBear.ai"). Dkt. 1. The Complaint asserts claims against BigBear.ai's board of directors and certain officers ("Defendants") for alleged breaches of fiduciary duties and violations of federal securities law. *Id.* at 2. On July 8, 2025, Plaintiff Trinity Lauga filed a separate shareholder derivative complaint in *Lauga v. McAleenan et al.*, No. 1:25-cv-01128, on behalf of BigBear.ai, asserting similar claims against Defendants. On July 23, 2025, the Court consolidated the two actions under *In re BigBear.ai Holdings, Inc. Shareholder Derivative Litigation*, Lead Case No. 1:25-cv-710 (the "Consolidated Derivative Action"). Dkt. 7.

On July 31, 2025, Defendants filed this Motion seeking a stay in the Consolidated Derivative Action pending the resolution of a related securities class action before this Court, captioned *Priewe v. BigBear.ai Holdings, Inc.*, Civil Action No. 1:25-cv-00623 (the "Related Securities Class Action"). Dkt. 8. Defendants contend the Consolidated Derivative Action and the Related Securities Class Action bear substantial overlaps, including common alleged

misstatements and defendants, and "are also both subject to the special procedures set forth in the Private Securities Litigation Reform Act of 1995." *Id.* at 2 (citing 15 U.S.C. § 78u-4(b)(3)(B)). Defendants further argue that consolidating this action with the class action would be inappropriate because it would render BigBear as a defendant in the Securities Class "at the same time a shareholder purports to assert claims on BigBear's behalf as plaintiff in the Consolidated Derivative Action." *Id.* Plaintiffs did not file an opposition and, according to Defendants' motion, do not oppose such relief. *Id.* at 1. Accordingly, for the reasons that follow, the Court will grant the motion to stay.

"A district court has the 'inherent power' to stay a pending action to ensure both the 'efficient management of [its] docket[],' as well as 'economy of time and effort for itself, for counsel, and for litigants.'" *Hawley v. Johnson & Johnson*, No. 3:11-cv-195-HEH, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011) (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering a motion to stay, "a district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party.'" *Sehler v. Prospect Mortg., LLC*, No. 1:13-cv-73-JCC-TRJ, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (citation omitted). The moving party "must justify [the stay] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Buzzell v. JP Morgan Chase Bank*, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015) (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir.1983)).

The Court finds that a stay is warranted. A court is justified to grant a discretionary stay where "[t]he two cases are very similar and present almost identical legal questions" such that there may be "unnecessary duplication of judicial efforts." *Actelion Pharms. Ltd. v. Lee*, No. 1:15-

2

cv-1266, 2016 WL 205377, at *4 (E.D. Va. Jan. 13, 2016); *Endres v. Jackson Hewitt Tax Serv. Inc.,* No. 2:19-cv-37, 2019 WL 758603, at *2 (E.D. Va. Feb. 20, 2019) ("[W]hen weighing the relatively brief delay against the possibility of duplicitous and costly litigation efforts, a stay is justified."). Here, the two Actions overlap on factual and legal issues, and proceeding with both Actions in parallel would risk judicial inefficiencies as well as potentially inconsistent rulings. In addition, the resolution of the Class Action "may substantially and properly affect the company's evaluation of how to proceed in this case." *Inloes v. Williams,* No. 1:13-cv-550, 2014 WL 819135, at *2 (E.D. Va. Feb. 28, 2014); *New Star Realty & Inv. Corp. v. New Star Enters., Inc.,* No. 1:17-cv-1292, 2017 WL 11571464 (E.D. Va. Dec. 13, 2017) (observing that "a stay is particularly appropriate where the outcome of a pending case might substantially affect the issue in a case pending before a district court"). Indeed, courts in this district routinely stay derivative actions while related securities actions are pending. *Inloes,* 2014 WL 819135, at *2; Dkt. 9, *In re Spire Global, Inc. S'holder Deriv. Litig.,* No. 1:24-cv-01596 (E.D. Va. Nov. 14, 2024); Dkt. 11, *Hollin v. Herzog,* No. 1:24-cv-01521 (E.D. Va. Nov. 4, 2024).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Stay (Dkt. 8) is **GRANTED**; it is further

**ORDERED** that all proceedings and deadlines in the above-referenced Consolidated Derivative Action shall be **STAYED** until the resolution of the Related Securities Class Action, *Priewe v. BigBear.ai Holdings, Inc.,* Civil Action No. 1:25-cv-00623. The parties shall meet and confer within fifteen (15) days of the Related Securities Class Action's resolution and file a status report with the Court on the appropriate next steps in this matter; and it is further

**ORDERED** that the parties' joint stipulation (Dkt. 9) to hold all deadlines in abeyance pending the resolution of the Motion to Stay is **DENIED as moot**.

3

Any of the parties to the Consolidated Derivative Action may request that the Court lift the stay upon providing the other parties with written notice of at least ten (10) business days on the basis for good cause before filing a motion before this Court. If good cause is contested, the Parties shall work together to propose a briefing schedule on the question of whether good cause exists to lift the stay. Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants shall not be obligated to respond to the current complaint or any subsequent complaint while the Consolidated Derivative Action is stayed.

Entered this 23rd day of September, 2025.
Alexandria, Virginia.

_____ /s/
Patricia Tolliver Giles
United States District Judge

4